and you each have 20 minutes. Would you like to reserve any of your time for rebuttal? Before getting into either of your time, I just want to say something generally that which was on the motion to cite supplemental authority, which the state filed and the appellant responded to. And you are absolutely right, appellant, that we did not wait for your response. We will always, almost always, allow a site to cite additional authority. Generally, don't wait for a response, especially if it's close to argument. But both of you, and I'm saying this to both of you to take back to your offices, and you, appellant, of course, did it in response. But the state did a little bit more than cite additional authority and that is not acceptable. Just tell us the case. If you want to file a supplemental brief, ask for leave to do that. Because they did that, you responded to it. Because you read it, you responded to it. We probably read both of them, but let me just say for the future, we would rather you not do it that way. Okay? All right. You may begin. And please keep your voices up nice and loud. That does not amplify your voice at all. Okay. Good afternoon, Your Honors. My name is Chan Yu and I represent the defendant, Rahsaan Price. The sole issue in this case is whether trial counsel was ineffective in failing to move to transfer Rahsaan's case to juvenile court after the amendment raising the automatic transfer age from 15 to 16 went into effect. And on this issue, our Supreme Court's decision in Alvarez v. Howard is controlling. But it came after. All those cases came after when counsel needed to make that decision. So why do you say that counsel should have predicted? Well, Your Honor, it's true that Howard was decided after Rahsaan's sentence was imposed, but the law changed before Rahsaan's sentence was imposed. With the law changed, counsel had authority that he could rely on to argue to move to transfer this case to juvenile court. That's exactly what happened in Howard. The juvenile defendant in Howard, his attorney did file a motion to transfer when the amendment came into effect. The only difference in our case, in Rahsaan's case, is that the attorney didn't do anything. He just let it go. He didn't even mention that there was a change in the law at sentencing. Actually, he did. He took advantage of the changes on the sentencing factors, and he took advantage of the lack of a mandatory enhancement for a firearm, correct? He didn't have knowledge that the act had been amended. It's correct that he had knowledge of the mandatory firearm, changing the mandatory firearm enhancement, but he made no mention of the change in the age to the automatic transfer statute. And that's what I'm referring to when counsel didn't remark at sentencing that, hey, Your Honor, there was this change in the law where the automatic transfer statute was raised from 15 to 16. At the time that Rahsaan Price was sentenced, had any court held that 5-130 was retroactive? Had there been any finding by any court of retroactivity? At the time of sentencing, no. Howard was the first case. But, again, the law had changed. And if counsel had simply been following these changes in the law and he had looked at the statute, he would have seen that there was no savings cause. And our Supreme Court's jurisprudence on what to do when there is no savings cause in the statute was decided well before Howard. Section 4 of the statute on statutes applies. And when it's a procedural change in the law, such as this, where you change the venue where the case is going to be, then the statute applies retroactively. And, of course, we have Howard saying that it applies to all pending cases. And since the law is clear that final judgment in a criminal case occurs when the sentence is opposed, Rahsaan's case was certainly pending on January 1, 2016. At that point, he no longer qualified for automatic transfer to adult court. So do you want to just respond to the state's argument? They're saying that because he had already been convicted, the import was too late. Do you want to respond? Sure. Your Honor, we're not challenging the conviction. The conviction stands. The state's position that this is going, and this is what they argued in their motion to say additional authority, that we're coming back to square one, that's simply not true. Rahsaan is not challenging his conviction here. He is only simply arguing that the law changed on January 1, 2016. His case is pending on January 1, 2016. Therefore, under Howard and under what our Supreme Court has stated about retroactivity of procedural changes in the law, he was entitled to take advantage of that amendment in the law, yet his counsel did not do anything. And because counsel did not do anything, his performance was objectively unreasonable. His client was a teenager subject to automatic transfer of statute. There was a change in the automatic transfer of statute before the case was completed, yet counsel didn't do anything. He should have filed a motion to transfer the case. That was his duty as Rahsaan's attorney. And the prejudice is readily apparent on his face. Due to counsel's failure, Rahsaan was subject to adult sentencing, where he faced a much higher range of sentence. And for that reason, Rahsaan's sentence should be very clear. If we were to agree with you, I think you would agree that the state would have had some opportunity to argue that the facts of Rahsaan's case required that he remain in adult court. They would be able to file that motion. In your view, would that be filed in juvenile court or would it be filed in the criminal proceeding? Since this is – there's no – whereas in – if this was a case where Rahsaan was disqualified from automatic transfer because he was acquitted of a non-transferable offense, you have a statute saying that – Right. Yeah. And I know you take the position that that statute doesn't apply. Right. But what that statute says is after trial or plea, the court finds that the minor committed an offense not covered by paragraph A. Well, in fact, Rahsaan Price did commit an offense not covered by paragraph A anymore once the statute was amended. So I'm not so sure why you're taking the position that statute doesn't apply. So let me just clarify that position. I'm just saying that the situation is different because he no longer qualifies for a different reason because of age. Right. But that's an acquittal. Exactly. Exactly, Your Honor. So whereas there's a specific statute on what to do in that situation, whereas in Rahsaan's situation, there isn't a specific statutory provision, but our position would be the remedy should be similar, that the minor should be remanded to trial court where the State would have an opportunity to make – to state its reasons for why Rahsaan shouldn't be transferred to a juvenile court. That would not be – we wouldn't have any objection to the State filing its position. And I would also like to add that the State's concerns over that are unfounded. At a discretionary hearing, whether it occurred – But it's no longer an automatic transfer. It's now a discretionary transfer, and the discretionary transfers are heard by juvenile court judges, not the criminal court judges. Yes, Your Honor, that's correct. So it seems to me that it should go back – if we were to agree with you that it would go back to the – it would go to juvenile court for the juvenile court judge who hears discretionary transfers to make that decision. Your Honor, that would be – so that remedy would also be – that's what we asked for in our brief. And I was – the point I was making with comparing this case to the other scenario that is – where there is a statutory provision and where it remains in adult court and the State files its petition, our position would be that Rasaad should be transferred to juvenile court where they can have the discretionary hearing. But either way, the State will have its opportunity to state its reasons why. So the distinction – it's important because you're changing the venue, but the State will get its chance. So the point I'm trying to make is that the State concern that they won't be able to – that he'll be automatically transferred and they don't have no say in it is unfounded. There will be a hearing where the State can make its – state its reasons, again, why adult – or why Rasaad should be tried as an adult – or a sentence – excuse me, a sentence as an adult. And again, the conviction itself, we're not challenging – Rasaad is not challenging the conviction. Only the venue where he should be sentenced. And since the change in the law occurred, the law says that he should be sentenced in juvenile court since this case was pending, again, on January 1st. But the law doesn't say pending, does it? The law itself, the statute? No, the pending part came in in Howard, didn't it? That's true, Your Honor. Because it could have been before verdict. It could have been before sentencing. It could have been while on appeal. Or it could have been after appeal. I mean, if it's going to be retroactive, somebody has to determine when that retroactive applies. And Howard decided it was pending. And then we – I think we all agree as to what pending is until sentenced. It's pending as opposed to – But my point is that was an important element that was decided subsequent to the sentencing in this case. So how would you address that? Because the pending is the key word to me, and that's what Howard decided. So Howard said pending, and then we have Hunter where it limited Howard to cases on a public review. If your case is on a public review when the amendment became effective, Your Honor, then you don't get the benefit of the amendment. Right. But it could have. I guess, right? I mean, couldn't a court – I'm not really looking at Hunter, but I mean, a court could have said or it could have been any time it happened. Well, Howard doesn't make it clear as to what the pending applied to appellate cases, but Hunter makes it clear that it doesn't apply to appellate cases. And again, it's a well-established principle of law that a case is pending in the trial court until the sentence. Final judgment is the sentence. So unless this court is willing to redefine when final judgment occurs, then this, Howard, applies to Rahsaan's case, and Rahsaan should be entitled to take advantage of that. I mean, one way to look at it is, as Justice Griffiths suggests, pending. Another, as I read Hunter and the case that the State cites, is retroactive doesn't mean we do things over. We just apply what the law is to proceedings in front of us, right? And I guess your point is the sentence is a proceeding that was in front of the court at the time the amendment became effective. It was still something to be done in the future that there was no reason you couldn't apply the new statute to. Is that fair? That's exactly our position, Your Honor. We're not challenging the conviction. The trial occurred. That's done. Well, that would have happened in juvenile court anyway. You may have still got a right to a jury trial in such a case. Yes, yes. Of course, Your Honor. That's correct, too. And our position is that, yes, there are proceedings that remain to be done when the statute came into effect. The thing that remained to be done was sentencing. So that thing that remains to be done, sentencing, should conform to the new law, and that's where a trial causes error occurred for failing to take that into account, for failing to move to transfer the case to juvenile court at that point. Obviously, Howard wasn't decided at that point, but he had the statute. Again, the statute has no savings clause saying that it only applies to prospective cases. And if Kozol had done his due diligence, looked into the legal issue, then he would have realized also that our Supreme Court has ruled on statutes like this, whether they have retroactive effect to pending cases. Like Patterson. Exactly, like Patterson, Your Honor. Well, it's, yeah. Anything else? Anything else you want to make? The final point I would like to make is that Rassan's case is very unique. There are not a lot of kids in Rassan's situation where the trial occurred before the amendment and then he was sentenced after the amendment. So Your Honor's ruling on this case will have limited impact on, or will have an impact obviously on Rassan, but on other children, maybe a few other children. But Rassan, there aren't many cases that are in this unique situation. And if Your Honors have no other questions, I would just like to reserve five minutes for rebuttal. Thank you. Hi. Hi. Your Honors, presenting justice, justices opposing counsel, Assistant State's Attorney, Devin Mapes for the people. I wanted to, as an initial matter, to review the procedural events surrounding the defendant's case because understanding them is crucial to understanding the case itself and our position. So the defendant committed first degree murder at the age of 15, and so under the Excluded Jurisdiction Statute, also commonly known as, at least, as the Automatic Transfer Statute, he was to be tried in criminal court. So the defendant's trial concluded in October of 2015. His first trial motions were denied on December 10 of that year. The amended statute took effect January 1 of 2016, and the defendant was sentenced finally in March of 2016. So the amended transfer statute took effect between when his first trial motions were denied and when he was sentenced. So our position is that the defendant's sentence should be affirmed, regardless of whether the statute is found to be retroactive, because it just couldn't be applied retroactively. And two, even if it could be applied retroactively, that this Court should remand the case to criminal court so that subsection C-2 of the amended statute could be complied with. Could the defendant have appealed his case prior to sentencing? Could have appealed it prior to sentencing? I suppose. I don't know where you're going with that. I didn't mean for it to be a trick question. Okay. He could not have. Right. Therefore, his case was not final. Correct. So if that's the State's argument, move on from that. The case was not final. I see where you're going, Judge. So just move on from that if that's the State's argument. It's not. So I think the defendant has made the case more than once that our position is that it was not a final judgment. That is not our position whatsoever. Okay. What I will say is there are no cases directly on point on this issue, as opposing counsel mentioned. It is a case of first impression and likely the only case for this particular set of circumstances. But two cases do come close, as was referenced by opposing counsel, Howard and Hunter. Now, if we think about this as like a – I forgot the word. Anyway, if this case follows a continuum. A what? A continuum. A continuum. This case falls between Howard and Hunter. Now, in Howard, that defendant's case was in a pretrial phase when the amended statute took effect. So the Supreme Court found that because trial had not even begun that the statute should be applied retroactively. The Supreme Court found that his case was not final. It found that the case was in a pretrial phase and trial had not even begun, so therefore it should be applied retroactively. Conversely, in Hunter, which was decided after Howard, it clarified Howard further. So proceedings in the trial court in that case were completed and the case was pending for appellate review when the amended statute took effect. But unlike Howard, the Supreme Court found the amended statute couldn't be applied retroactively because to remand the case back to criminal court would effectively create new proceedings, which is the key I'm getting to. So now Landgraf recognized that the fact that a new rule is procedural does not mean that it should be applied in every case. And Hunter also recognized that each case should depend upon its own facts and that the process of statutory interpretation requires more than a mechanical application of the rule of law or a decision of a court. Although I say that the case is before you, it's between Howard and Hunter, and it is, but we think it's actually closer to Hunter on that spectrum or continuum, as Your Honor offered. The defendant had already been sentenced, and so to send the case back to the trial court would have created new proceedings that the court in Hunter found to be a barrier to remanding Hunter. What new proceedings? If he had made an objection before sentencing and said, no, this is a juvenile case, what new proceedings? He'd be sentenced in juvenile court unless the state prevailed on a discretionary transfer, right? There's no additional proceedings that would have needed to have been had. Correct. I mean, I think our position is that it wouldn't create... We're not doing anything over. If the motion had been timely filed by the defendant's counsel, nothing would have had to have been done over. The verdict would stand, and the sentencing would proceed in juvenile court, correct? That happens, correct? Well, Your Honor, so the amendment statute that we're talking about, Section A is actually, it applies to where we are pre-trial. So it's, so Section A tells us where we should be before trial even begins. And in this case, as Your Honor's know, we, the amendment statute had not taken effect, so the transfer age had not moved from 15 to 16. So it was properly put in criminal court. Nowhere in Section A does it tell us that we should now be moving it back to juvenile court. The transfer application is actually in Subsection C, which, as Your Honor's reference, does provide for a framework to transfer it to juvenile court for sentencing, but we weren't at that phase yet. So, but Easton, which is another case that came down very recently, expanded upon ruling in Hunter. That case dealt with Supreme Court Rule 604, which didn't include, which didn't apply to juveniles or the automatic transfer statute, but the court did discuss retroactivity a little bit. The Supreme Court found that retroactive application of a statute even to ongoing proceedings is proper only if the statute can apply to actual and identifiable proceedings thereafter, meaning after. Right, and that's my question. Meaning after the trial, or excuse me, before the trial has even begun. It doesn't say trial. It says proceedings thereafter. And the sentencing was a proceeding thereafter, is my point. All right. The sentencing had not yet occurred. The sentencing had not yet occurred in this case. So it's a proceeding thereafter. Our view is that the proceeding is to be viewed in total as one unit. I think that is your position, is that the trial and the sentencing are one proceeding. It's one unit. Correct, Your Honor. So, therefore, the proceedings thereafter had already begun, and so we cannot interrupt something that's already in progress. And is there a law that says the trial and the sentencing are all one proceeding and they are indivisible? I am. It seems to me the statute kind of says to the contrary because it contemplates that in some situations you're going to do the trial in adult court and still sentence the person in juvenile court because there's an acquittal on one of the charges. Excuse me. There is a way we can move to juvenile court, and that's laid out in Subsection C, too. But we never got there, so. I'm not literally saying that this provision applies. I'm just saying this provision suggests that the trial and the sentencing are two separate proceedings. Correct. Our view is that it is one unit and we can't interrupt. That's your view. That's our view, Your Honor. And I'm not saying that's an irrational or undefensible view. That's good. But let's say that you're right. What would have been the strategic reason that defense counsel wouldn't have filed a motion? What could have possibly been the benefit to the defendant to have not filed the motion? Your Honor, I. We look at that under Strickland all the time. You didn't put on the alibi that there could be tactics. You didn't object to this evidence. Your Honor, the statute hadn't gone into effect yet. I mean, if we're going to ‑‑ I think it would be unreasonable to expect counsels to follow a statute that hadn't gone into effect yet because, I mean, if we're going to follow rules that haven't been entered yet, then what's the point of having rules, I guess? Now, the other reason that it has gone into effect at the time of the sentence, well, it had, but, again, the trial and the sentencing and the post-trial pleadings to us, that is all one unit. They cannot be split or interrupted to apply a rule that proceedings thereafter had already begun. It's also not practical to send this case back because, as I referenced briefly, that it was impossible for the people to comply with subsection C2. So C2 states that if a minor is found guilty of an offense not covered in Section A, where it states the enumerated offenses subject to automatic transfer, that the people must file a written motion within 10 days following the entry of a finding or the return of a verdict if the people want to pursue a sentence in criminal court. Whether we look at the date of the defendant's guilty votes or the dial of his post-trial motion, both occurred well before the amended statute took effect, and the people could not comply with that statute that the defendant asked you to comply with today. That simply wasn't in effect. The defendant can't get Section A to apply retroactively and then not subsection C2. They're one unit, just like the trial is one unit. They can't be severed and compartmentalized. So there was no way for the people to file a motion within 10 days of either the guilty verdict or the post-trial motion as was the State's right to do so. Now, even if this Court decides that the case can be applied retroactively and does remain it to the trial court, it should remain it to criminal court. So for a hearing on whether the case should remain in criminal court or to be transferred to juvenile court. Actually, shouldn't we, and this is thinking out loud and just really asking for your response, if it were to get reversed on ineffective assistance, being that the trial counsel should have filed this motion, shouldn't we send it back to Judge Barr to say what should happen next? Whether what, you know, in the first instance, whether that's... Right. Whatever that is. Correct. I think I know what you're getting at. So there's a pathway to do this, and that pathway was laid out in Fort. Now, in Fort, the juvenile defendant was tried for first-degree murder and was sentenced for second-degree murder. And a Minnehaha statute had already taken effect at that time. So the court found, the Supreme Court found that plain error occurred when a trial court sentenced a defendant as an adult without the people first filing a motion requesting adult sentencing. So the court vacated defendant's sentence and remained it to the case in criminal court where the people were then granted the opportunity to file a C-2 motion for adult sentencing. So that happened, and we think that situation is very analogous to this situation where if this court does decide that the amended statute applies retroactively, and we're not saying it does, but if you did find that, that it should be sent back to criminal court so we have that opportunity to file that motion. Now, defendant wants the amended statute... Are you asking me if that motion can be filed in juvenile court? No, Your Honor, because if... Now, admittedly, subsection C-2 does not exactly say which court it should be filed in, but we're already in criminal court. It would not make any sense where we would just file the motion in juvenile court when we're already in criminal court to begin with. Because the issue involves a discretionary transfer. Those decisions are made by juvenile court judges. I'm sorry, I've had a little hard time hearing you. And I'm not allowed to speak, or I apologize. It's me. It's because the decisions of whether or not there's going to be a transfer, those decisions are made by juvenile court judges, not by criminal court judges. Judge, the case... Since the case was trialed in criminal court, we are currently in criminal court. Now, the statute, I think it would be unreasonable to think that, and it doesn't say that it should be filed in juvenile court, but I think that it would be unreasonable to think that the motion should be filed in juvenile court when we're still currently in criminal court. Does that make sense? Well, we're not saying what we're going to do because we don't know what we're going to do in this case, but if the case were sent back to juvenile court, the state can very easily file that motion in juvenile court. They do it all the time on discretionary transfers. They do it every day. Maybe they do, maybe they don't. Oh, I know that they do. I know that they do. Okay. All I'm saying, Judge, is that Subsection C-2 lays out a pathway to do this, and this is what is said in Subsection C-2, and this is what was done in Fort as well. Now, the defendant wants the amended statute to apply retroactively, but nowhere in the statute does it allow for the remedies the defendant is asking you to grant him. Those remedies effectively are creating new rights, as I just referenced, Judge, to your question, that the legislature didn't enact. And so if the defendant was deprived of the opportunity to have a hearing on whether or not his case should be transferred to juvenile court for sentencing as an adult or as a juvenile, we're just simply asking it be sent back to criminal court to answer that very question. This may not be the best remedy because there really is no best remedy as laid out in the statute or case law. As I referenced earlier, this is a case of first impression as to the opposing counsel. It may be the only case that has these unique set of circumstances. But we feel that this is the only possible retroactive application available, again, for these unique circumstances. Defendants' other requests for their remedies removes this particular approach as a possible remedy. Are there any further questions? No, thanks. Well, then, for all these reasons, the people of the State of Illinois ask that you affirm or, in the alternative, remand to the criminal court for the limited purpose of allowing the people the opportunity to file a motion pursuant to Subsection C-2 as laid out in Fort. So thank you. Thank you. Just very briefly, Your Honors, I just want to point out the State makes this point that the amendment or the statute, the automatic transfer statute is a pretrial statute. There's no language in there saying that it applies to pretrial only. And it's a jurisdiction statute. The fact is, is that once the amendment came into effect, Rahsaan no longer qualified under that statute. It says it only applies to offenders who are at least 16 years old. He no longer applies because he committed the offense at 15 years old. It has nothing to do with pretrial or post-trial. If there's pending proceedings under Howard, then the statute applies. And counsel's failure to file a motion to transfer while the amendment came into effect and while the case was pending constituted ineffective assistance. As Your Honor mentioned earlier, there is no strategic reason for failing to file a motion. But let me ask you about the remedy. So why wouldn't the remedy be to go back and have defense counsel file that motion? Would that be the remedy? Or would the remedy be to go back and give the State a chance to, I don't know, what do you think the remedy is? Well, so the State will, whatever the remedy becomes, whether it goes back to trial court where defense attorney files an actual motion and then they litigate the motion, or whether it goes to juvenile court where the State files a discretionary motion for whether it should be transferred back to adult court, it's essentially the same outcome. We were just discussing where should the venue be. And there is no statutory provision on this point, as the State noted, although oddly they keep referring back to C-2 and saying that because C-2 is unavailable for them that they make this big deal out of it. But again, there is no provision on this point. But wherever this hearing occurs, the State will have its opportunity to make its point about why it should remain in adult court or why it should be transferred to adult court. We asked for in our briefs the remedy that Justice Walker suggested, that it should go back to juvenile court. And that makes sense. The son no longer calls files for automatic transfer. The statute changed while his case was pending, and there was no final judgment. He should be treated as a juvenile. So I would stand by that position, Your Honor. And that's it, Your Honors. I have no other questions. I would just urge this Court to correct the relief that I requested in the briefs. And that's all I have. Thank you, Your Honors. Let me thank both of you. We gave you particularly, you, the State. Obviously, this is an issue of great – even though, as you're probably correct, applies to a very small handful of people, it's just a very interesting issue that we obviously – That's important. So I apologize to the extent we gave either of you in particular. You, on our time, thought you did an excellent job. Your briefs were excellent. Your arguments were excellent. And we will take it under advisement and give you a ruling shortly.